IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TERRICK DE'ANGELO BAILEY,<br><br>*Plaintiff,*<br><br>vs.<br><br>BEXAR COUNTY, BEXAR COUNTY DISTRICT ATTORNEY'S OFFICE, SAN ANTONIO POLICE DEPARTMENT, ATTORNEY JAMES SULLIVAN, ATTORNEY ALAN FUTRELL, ATTORNEY MARCUS CANTRELL,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-25-CV-00903-XR |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns Plaintiff's Motion to Proceed In Forma Pauperis [#1], which was referred to the undersigned for disposition. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the District Court deny Plaintiff's motion and order Plaintiff to pay the filing fee.

## I. Background and Analysis

All parties instituting any civil action, suit, or proceeding in a district court of the United States, "whether by original process, removal or otherwise," except an application for a writ of

habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). When faced with a request to proceed IFP, courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The district court exercises discretion in determining whether to extend the privilege of IFP status to parties who are unable to pay filing fees. *Wickerham v. Waterman*, No. SA-14-CA-766-XR, 2014 WL 5469816, at *4 (W.D. Tex. Oct. 28, 2014) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)). In doing so, the Court must examine the demand on the party's financial resources, including whether his expenses are discretionary or mandatory. *Prows*, 842 F.2d at 140. Although one need not be absolutely destitute to enjoy the benefit of IFP status, an application to proceed IFP is only sufficient if it indicates that the party truly cannot, because of poverty, afford to pay for the costs of litigation and still provide for himself and his dependents. *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff's motion to proceed IFP asserts that he is unable to pay the filing fee due to his lack of employment and income but does not provide the Court with any of the detailed financial information requested on AO Form 239, the standard form application for requesting permission to proceed IFP in the Western District of Texas. Instead, Plaintiff's IFP motion contains only general statements about his financial circumstances. Based on the limited information before the Court, the undersigned is unable to determine whether Plaintiff truly cannot afford to pay the filing fee due to poverty.

---

[1] The administrative fee, which is currently $55, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule*, available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

On August 18, 2025, the undersigned issued an order directing Plaintiff to supplement his IFP application, explaining that the undersigned is unable to evaluate his financial circumstances because he did not provide the information requested by AO Form 239 [#4]. In that Order, the undersigned warned Plaintiff that if he failed to provide the Court with the requested supplementation, his motion to proceed IFP would be denied and he would be required to pay the filing fee to proceed with this case The supplementation was due by August 28, 2025.

To date, Plaintiff has not provided the Court with the requested supplementation. Plaintiff therefore has not established that he is unable to pay the filing fee due to poverty. Accordingly, the Court will recommend the District Court deny the motion to proceed IFP and require Plaintiff to pay the filing fee to proceed with this case. If Plaintiff does not timely pay the filing fee, the District Court should dismiss this case for failure to follow a court order and failure to comply with 28 U.S.C. § 1914(a)'s requirement that all parties instituting a suit in federal court pay the filing fee.

## II. Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that Plaintiff's Motion to Proceed In Forma Pauperis [#1] be **DENIED**. Plaintiff should be directed to pay the filing fee by a date certain. If Plaintiff fails to pay the filing fee, his case should be dismissed for failure to follow a court order and failure to comply with the filing-fee requirement.

## III. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be

filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections are limited to no more than 20 pages unless leave of court is granted. The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 3rd day of September, 2025.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE